IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JODY LEE LINDSEY )
    v. ) NO: 1:11-0064
)
MARSHALL COUNTY JAIL et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered August 8, 2011 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the Motion for Summary Judgment filed by Defendant Felicia McGee (Docket Entry No. 31) and the Motion to Dismiss filed by the Marshall County Jail (Docket Entry No. 34). The plaintiff has not responded to either motion.[1] For the reasons set out below, the Court recommends that both motions be granted and this action be dismissed.

---

[1] By Order entered March 2, 2012 (Docket Entry No. 38), the plaintiff was notified of the motions and given a deadline of April 9, 2012, to file responses to the motions. The only filing that the plaintiff made after the motions were filed was a letter to the Clerk, dated February 24, 2012, requesting that witnesses be subpoenaed to appear at the evidentiary hearing scheduled for April 5, 2012. The evidentiary hearing was cancelled by Order entered March 2, 2012 (Docket Entry No. 38), after the defendants filed the pending motions.

# I. BACKGROUND

The plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the West Tennessee State Prison ("WTSP"). He filed this action pro se and in forma pauperis on August 3, 2011, when he was an inmate at the Marshall County Jail ("Jail"). He seeks damages and injunctive relief under 42 U.S.C. § 1983 for alleged violations of his civil rights alleged to have occurred at the Jail and names as defendants Jail Nurse Felicia McGee and the Jail.

The plaintiff asserts that he suffers from glaucoma and a cataract on his right eye. He alleges that, on April 18, 2011, he was transported from the Jail to the Vanderbilt Eye Clinic for an examination by Dr. Kuchtey, who allegedly told him that surgery to remove the cataract should be scheduled within the next month with the plaintiff's regular eye doctor in Clarksville, Tennessee. See Complaint (Docket Entry No. 1), at 5. The plaintiff asserts that, as of August 1, 2011, the surgery had not taken place and, despite filing several grievances about the matter, all he was told was that "an appointment had been scheduled." Id. He contends that Defendant McGee failed to ensure that he received the surgery, and the plaintiff believes that the delay was purposeful so that the surgery would not occur prior to his being transferred to the custody of the TDOC so that the TDOC would have to pay for the cost of the surgery. Id. On September 27, 2011, the plaintiff filed a notice that he had been transferred to the custody of the TDOC. See Docket Entry No. 12.[2]

Defendant McGee seeks summary judgment on the claims against her. Relying on her own affidavit (Docket Entry No. 33-2) and copies of the plaintiff's medical record (Docket Entry No. 33-1), she contends that the undisputed evidence shows that appropriate and constitutionally

---

[2] The current status of the eye surgery at issue is unclear. However, in a letter filed by the plaintiff on October 28, 2011, the plaintiff stated that the surgery had not occurred as of the date of the letter. See Docket Entry No. 20, at 2.

adequate medical care was continually provided to the plaintiff for his eye problems while he was at the Jail and that an appointment with a glaucoma specialist was made for August 23, 2011, and that surgery was scheduled in October 2011. See Docket Entry No. 33-2, at 6, ¶¶ 27-28. She contends that there is no evidence supporting a claim that she treated the plaintiff with deliberate indifference to his eye problems.

On February 27, 2012, a motion to dismiss was filed on behalf of the Marshall County Jail asserting the defenses of insufficient service of process, failure to exhaust administrative remedies, and failure to state a claim upon which relief can be granted.

## II. STANDARDS OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert.

4

denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

### III. CONCLUSIONS

With respect to Defendant McGee, the plaintiff has not responded to the defendant's motion for summary judgment and has not supported his claim with any evidence. Defendant McGee supports her motion with affirmative evidence in the form of her own affidavit and the plaintiff's medical records. This undisputed evidence clearly shows that the plaintiff's eye problems were not ignored and that he was consistently treated for his eye problems, including being referred to outside specialists, being scheduled for follow-up appointments and surgery, and being provided with a regular course of eye medications. Further, there is no evidence before the Court that shows or even from which it can be inferred that any delay in the scheduling of eye appointments or the eye

5

surgery[3] was due to deliberate indifference by Defendant McGee to the need for these appointments. The Court also notes that, although the plaintiff alleges in his complaint that Dr. Kuchtey, during her examination of the plaintiff on April 18, 2011, stated that she "wanted [him] to have the cataract removed within the next month," Dr. Kuchtey's written orders merely stated "call Dr. Fitch's office" and did not note any urgency regarding the eye surgery. See Docket Entry No. 33-1, at 79.

Based upon this unrebutted evidence, no reasonable jury could find that Defendant McGee acted with deliberate indifference to the plaintiff's serious eye problems as is required for a constitutional claim based on allegations that medical care has been denied to a prison inmate. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The plaintiff's claim essentially amounts to displeasure with the adequacy of the course of treatment he received at the Jail. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion. When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care the plaintiff

---

[3] According to Defendant McGee, surgery was scheduled on October 26, 2011, but the plaintiff was transported to the custody of the TDOC on September 19, 2011. See Docket Entry No. 33-2, at 6.

received at the Jail may not have been as prompt as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). The plaintiff's complaint that he had to wait several months for appointments with eye specialists and for his eye surgery to be scheduled simply fails to rise to the level of a constitutional tort.

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has failed to satisfy this burden, and summary judgment should be granted to Defendant McGee because there is a complete lack of evidence in the record upon which a reasonable jury could find that she acted with deliberate indifference toward the plaintiff's need for eye care while at the Jail.

The motion to dismiss brought by the Marshall County Jail should also be granted. First and foremost, the Marshall County Jail, which is the entity named as a defendant in the Complaint, is simply not a proper defendant. Quite literally, the Marshall County Jail is a building and is not an entity capable of being sued as a defendant. See Yates v. Maury Cnty. Jail, 2006 WL 3761938 (M.D. Tenn. Dec. 21, 2006) (Campbell, C.J.); Pianga v. Williams Cnty. Jail, 2006 WL 618912 (M.D. Tenn. March 10, 2006) (Echols, J.).

To the extent that the plaintiff's complaint can be liberally construed to allege a municipal liability claim against the municipal government of Marshall County, Tennessee, such a claim warrants dismissal because the claim necessarily requires evidence of a constitutional violation. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). However, as set out supra, there is no evidentiary support for the merits of the plaintiff's underlying claim that his constitutional right to adequate medical care was violated.

In light the Court's finding that the plaintiff has not sued a proper defendant by naming the Marshall County Jail and that there is no evidentiary support for an underlying constitutional claim, which is required for any claim of municipal liability, there is no reason to address the alternative arguments for dismissal raised in the motion to dismiss.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the Motion for Summary Judgment filed by Defendant Felicia McGee (Docket Entry No. 31) and the Motion to Dismiss filed by the Marshall County Jail (Docket Entry No. 34) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge